UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY RAY SHAFFER,<br><br>                              Petitioner,<br><br>v.<br><br>UNKNOWN RESPONDENTS,<br><br>                              Respondent. | Case No.: 24-cv-01757-AJB-VET<br><br>**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS WITHOUT PREJUDICE** |

Petitioner is a state prisoner proceeding pro se with a habeas corpus action filed pursuant to 28 U.S.C. § 2254, challenging both a resentencing arising from a judgment of conviction from the Riverside County Superior Court and the conditions of his confinement during his incarcerations at Avenal and Pleasant Valley State Prisons. (Doc. No. 1.) Petitioner has neither paid the filing fee nor filed a motion to proceed in forma pauperis. For the reasons discussed below, the instant action is **DISMISSED** without prejudice.

**FAILURE TO SATISFY FILING FEE REQUIREMENT**

Petitioner cannot proceed with this action until he has either paid the $5.00 filing fee or has qualified to proceed in forma pauperis. *See* R. 3(a), Rules Governing Section 2254 Cases (2019). As such, the instant case is subject to dismissal for failure to satisfy the filing fee requirement.

///

## FAILURE TO INVOKE THE COURT'S JURISDICTION

Petitioner has not invoked this Court's jurisdiction with respect to either his challenge to his resentencing or his challenge to his conditions of confinement. Further, because Petitioner appears to raise both a habeas challenge and a challenge to his conditions of confinement in the same action, the Court finds transfer inappropriate.

A.  Challenge to Petitioner's Resentencing

A petition for writ of habeas corpus may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 497 (1973). On the face of the Petition and as part of the sole enumerated claim, Petitioner indicates he is challenging a resentencing which occurred in the Riverside County Superior Court (*see* Doc. No. 1 at 1, 6-7; *see also generally* Doc. No. 1-2), which is within the jurisdictional boundaries of the United States District Court for the Central District of California, Eastern Division. 28 U.S.C. § 84(c)(1). Petitioner is presently confined at Pleasant Valley State Prison in Coalinga, California (*see* Doc. No. 1 at 16; *see also* Doc. No. 1-1), located in Fresno County, which is within the jurisdictional boundaries of the United States District Court for the Eastern District of California. 28 U.S.C. § 84(b). Because Petitioner is neither housed in San Diego or Imperial Counties and does not challenge a judgment of conviction from either San Diego or Imperial Counties, he has failed to invoke the jurisdiction of this Court with respect to his habeas challenge. *See* 28 U.S.C. § 84(d) ("The Southern District comprises the counties of Imperial and San Diego.").

Although this Court does not have jurisdiction over the action, "[u]nder a provision of the Federal Courts Improvement Act, 28 U.S.C. § 1631, if a court finds that there is a want of jurisdiction the court shall transfer the action to any other such court in which the action could have been brought 'if it is in the interest of justice.'" *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990), citing *In re McCauley*, 814 F.2d 1350, 1351-52 (9th Cir. 1987). Transferring a habeas corpus proceeding to a district with proper jurisdiction is in

the interest of justice because dismissal of an action that could be brought elsewhere is "time consuming and justice-defeating." *Miller*, 905 F.2d at 262, quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962).

Ordinarily, pursuant to 28 U.S.C. § 1631, the Court would transfer this proceeding to Petitioner's district of conviction, which is in this instance the Central District of California. *See* 28 U.S.C. § 2241(d); *Braden*, 410 U.S. at 497, 499 n.15 (noting that the district of conviction is ordinarily a more convenient forum because of the accessibility of evidence, records, and witnesses); *Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968). Here, however, while Petitioner contends the instant Petition challenges his May 2024 resentencing (*see* Doc. No. 1 at 1), a review of the sole enumerated claim in the Petition reflects that Petitioner also appears to challenge the conditions of his confinements at Avenal and Pleasant Valley State Prisons in that same claim. (*See id.* at 6-8; *see also generally* Doc. Nos. 1, 1-2.) Because Petitioner appears to bring two separate challenges in the instant Petition, one of which may not be brought in habeas corpus and proper venue appears to lie in a different District than that for his habeas action, as discussed below, the Court declines to transfer this action and instead finds dismissal appropriate.

B.   Challenge to Petitioner's Conditions of Confinement

In addition, it appears to the Court that a Petition for Writ of Habeas Corpus brought pursuant to § 2254 is not the proper vehicle for at least a portion of the claim Petitioner presents. Upon review, in addition to the stated challenge to Petitioner's resentencing, the sole enumerated claim in this Petition appears to also challenge the conditions of Petitioner's prior confinement at Avenal State Prison in Kings County, California, as well as his present confinement at Pleasant Valley State Prison. (*See* Doc. No. 1 at 6-8.) Specifically, Petitioner alleges that on several occasions the CDCR has refused to transfer to him to Court for resentencing proceedings and thus denied him access to courts, indicates he currently has stitches in his mouth as a result of being assaulted, asserts several witnesses have heard CDCR staff conspiring to plant contraband on him and offering an inmate a television to stab Petitioner, and alleges the CDCR staffs actions have been done "in

1  retaliation for my filing staff complaints and a 1983 lawsuit." (*Id.* at 7-8.) Petitioner seeks
2  removal from CDCR custody and placement into the custody of the Riverside County
3  Sheriff's Department and requests an FBI investigation into the matter. (*Id.* at 8.) This
4  aspect of Petitioner's claim is not cognizable on habeas because it does not challenge the
5  constitutional validity or duration of his confinement. *See* 28 U.S.C. § 2254(a); *Preiser v.*
6  *Rodriguez*, 411 U.S. 475, 500 (1973); *Heck v. Humphrey*, 512 U.S. 477, 480-85 (1994);
7  *see also Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (en banc).

8  "[W]hen a state prisoner is challenging the very fact or duration of his physical
9  imprisonment, and the relief he seeks is a determination that he is entitled to immediate
10 release or a speedier release from that imprisonment, his sole federal remedy is a writ of
11 habeas corpus." *Preiser*, 411 U.S. at 500. Meanwhile, "a § 1983 action is a proper remedy
12 for a state prisoner who is making a constitutional challenge to the conditions of his prison
13 life, but not to the fact or length of his custody." *Id.* at 499. This aspect of Petitioner's claim
14 appears to solely raise a challenge to the conditions of his prison life and not to the fact or
15 length of his custody. Thus, with respect to his challenges to the actions of CDCR staff,
16 Petitioner has not stated a cognizable habeas claim pursuant to § 2254 and his contentions
17 must be brought, if at all, under § 1983. *See Nettles*, 830 F.3d at 931 ("[W]e hold that if a
18 state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in
19 habeas corpus but must be brought, 'if at all,' under § 1983."), quoting *Preiser*, 411 U.S.
20 at 487; *see also Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011).

21 Because Petitioner is currently confined at Pleasant Valley State Prison and alleges
22 the events at issue took place at that institution and/or during his incarceration at Avenal
23 State Prison (*see* Doc. No. 1 at 6-8, Doc. No. 1-2), both of which are within the
24 jurisdictional boundaries of the Eastern District of California (*see* 28 U.S.C. § 84(b)), the
25 Court concludes the proper venue for this challenge is the Eastern District. *See* 28 U.S.C.
26 § 1391(b) ("A civil action may be brought in--(1) a judicial district in which any defendant
27 resides, if all defendants are residents of the State in which the district is located; (2) a
28 judicial district in which a substantial part of the events or omissions giving rise to the

claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.") Because Petitioner does not allege any of the events at issue took place at an institution in either San Diego or Imperial Counties, he has failed to invoke the jurisdiction of this Court with respect to his challenge to his conditions of confinement. *See* 28 U.S.C. § 84(d) ("The Southern District comprises the counties of Imperial and San Diego.").

### C. Dismissal Without Prejudice is Appropriate

Because (1) in this action Petitioner appears to challenge both his resentencing and the conditions of his confinement, (2) jurisdiction for Petitioner's challenges appear to lie in different Districts and (3) Petitioner in any event has not invoked this Court's jurisdiction with respect to either challenge, the Court declines to transfer the instant case and instead finds dismissal without prejudice appropriate. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought.").

### CONCLUSION AND ORDER

Because Petitioner has failed to satisfy the filing fee requirement and because venue does not lie in this District with respect to either his resentencing challenge or his challenge to the conditions of his confinement, the Court **DISMISSES** the Petition without prejudice to Petitioner to pursue his claims in a Court with proper venue.

**IT IS SO ORDERED.**

Dated: October 7, 2024

Hon. Anthony J. Battaglia
United States District Judge